RENDERED:  FEBRUARY 15, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0237-MR

BENNETT D. COUCH                                          APPELLANT

ON APPEAL FROM KENTON CIRCUIT COURT
V.                    HONORABLE MARY K. MOLLOY, JUDGE
NO. 21-CR-01440

COMMONWEALTH OF KENTUCKY                                  APPELLEE

**OPINION OF THE COURT BY CHIEF JUSTICE VANMETER**

**AFFIRMING**

This criminal case arises from the Kenton Circuit Court's conviction of

Bennett D. Couch due to her possession and transfer of child pornography in

violation of KRS[1] 531.335 and 531.340.  Couch raises two primary issues: (i)

the constitutionality of KRS 531.330's presumption as to minority; and (ii) the

trial court's denial of her motion to suppress the search of her apartment.

Finding no merit to Couch's arguments, we affirm.

## I.      Factual and Procedural Background

In July 2021, Detective Brian Jones with the Kenton County Police

Department received a CyberTipline Report from the National Center for

---

[1] Kentucky Revised Statutes.

Missing and Exploited Children (NCMEC) that three pornographic images of children were being circulated online. Two different district court judges approved search warrants in this case, permitting law enforcement to search the following for evidence of crimes associated with the possession or distribution of child pornography: (1) Couch's Tumblr account; (2) her apartment; (3) her cell phones; and (4) her computers and other electronic-storage devices located in the apartment. The police executed the search warrants.

The CyberTipline Report originated from Tumblr, a blogging social media website, reporting three pornographic images of children had been uploaded to a specific Tumblr account with the username "onlynastieconfessions." The initial search warrant was directed at Tumblr to uncover additional information about this account.[2] The username was associated with Couch's email address. The CyberTipline Report also provided the IP address from which the child pornography was uploaded to Tumblr; it was geolocated to Fort Mitchell in Kenton County. Upon further investigation, Det. Jones was able to identify Couch as the subscriber for that particular IP address and resident at the location associated with the IP address.

Det. Jones recognized the three images as having a watermark reading "LS Studios." LS Studios is or was a Ukrainian company that historically created and sold online hundreds of thousands of child

---

[2] Couch presents no argument as to the validity of this initial search warrant.

2

pornography files.  In each of the affidavits for the search warrants, Det. Jones affirmed that he had viewed the images and that they "depict[ed] a sexual performance by a minor.  All three (3) of the images depict prepubescent female minors."

On August 23, 2021, Det. Jones executed the next Application and Affidavit in Support of a Search Warrant.  In that affidavit, he identified the premises at 275 Battery Court, Apartment 6, Fort Mitchell, in Kenton County, described the building and the location of Apartment 6, including two pictures of the building and the door.  He then described the property sought:

> Images and/or videos depicting sexual conduct/performance by a minor (as defined by KRS 531.300).
>
> Computers, data drives, hard drives, floppy disks, optical disks, tape disks, memory cards, USB "thumb" drives and/or any other internal or external storage devices capable of storing digital pictures or videos.  Any monitors and/or peripheral equipment such as printers, digital scanning equipment, modems, routers, and connecting cables.  Any computer software programs capable of storing or displaying digital pictures or videos.
>
> If the computers or other digital devices are found in a running state, the investigator may acquire evidence from the devices prior to shutting the devices off, including by means of preview software, to preserve volatile evidence.
>
> Any documentation and/or notations referring to the computer system, the contents of the computer, the use of the computer or any computer software and/or communications and all information within the above listed items including but not limited to machine readable data and all previously erased data as it relates to images and/or videos depicting sexual conduct/performance by minors.
>
> **which property Affiant believes to be**:
>
> (    ) stolen
>
> ( X ) property or things used as the means of committing a crime

( X ) property or things in possession of a person who has intention to use it as means of committing a crime or in the possession of another to whom any person may have delivered it for purpose of concealing it or preventing its being discovered.

( X ) things which consist of evidence which tends to show that a crime has been committed or that a particular person has committed a crime.

( X ) contraband

AFFIANT STATES THAT on or about July 29, 2021, the Affiant received a CyberTipline Report, Report 94392802, from the National Center for Missing and Exploited Children. The Center receives tips from internet service providers which have identified activity involving child pornography and other internet crimes against children. The report originated from Tumblr, Inc., and involves pornographic images and/or videos of children being uploaded.

The Report provides that three (3) images of child pornography were uploaded to the above-described Tumblr account from the IP address 74.132.229.2. The Report contains an incident date of July 3, 2021 at 21:57:17 UTC. Affiant has viewed the three (3) images associated with the Report and can confirm that they contain matter which depict a sexual performance by a minor. All three (3) of the images depict prepubescent female minors. One of the photos contains a watermark that reads "LS-Magazine." Based on training and experience, Affiant knows that LS Studios was a Ukrainian online subscription service and photography studio, which existed between 2001-2004, that created hundreds of thousands of images, and hundreds of videos, of young teen and prepubescent girls and sold such on the internet. During that time, the company created approximately 80 issues or collections, the title of each beginning with the company initials.

The Report further identified the user of the Tumblr account as having the email address becouch11@gmail.com. Affiant confirmed through Tumblr that the reported account with email address becouch1l@gmail.com was created on July 1, 2021.

The IP address 74.132.229.2 geo-locates to Fort Mitchell, Kenton County, Kentucky. Charter Communications confirmed that the IP address 74.132.229.2 has been leased to Bennett Couch at the above-described address 275 Battery Court, Apartment 6, in Fort Mitchell, Kenton County, Kentucky, beginning on July 15, 2020, up to and including July 29, 2021.

4

The e-mail address associated with the Charter Communications account is bdcouch111@gmail.com.

Affiant met with management of the apartment complex who confirmed that Bennett Couch is the sole resident of the above-described apartment. Affiant reviewed the KY OL record, including the OL photo, of Bennett Couch. On or about August 17, 2021, Affiant traveled to the above-described residence and observed a person recognized as Couch exit the building and enter a vehicle registered to Bennett Couch.

Based upon all of the above, the Affiant, in his capacity as a police officer requests that the search warrant be issued to search the above-described residence at 275 Battery Court, Apartment 6, Kenton County, Kentucky, in order to further the Affiant's continuing investigation.

The affidavit was signed by Det. Jones and his signature notarized.

In executing the search warrant, police secured the following electronic devices: two iPhones, three laptop computers, three thumb drives and two DVDs with titles suggestive of pornographic content: "Barely Legal" and "Red Hot Lovers." Presumably out of an abundance of caution, on September 8, Det. Jones prepared and presented two more Applications and Affidavits in Support of a Search Warrant in order to have Couch's electronic devices searched. Those search warrants were approved.

The search warrants for Couch's electronic devices did not reveal any pornographic images of children. Det. Jones did uncover, however, images on Couch's iPhone of a dog performing oral sex on Couch. According to a later search warrant affidavit for Couch's Snapchat account, Det. Jones located in Couch's "Snapchat account four (4) unique images depicting . . . the dog licking what appears to be whipped cream from [her] vagina."

5

Couch was indicted by a Kenton County Grand Jury on three counts of possession of matter portraying a sexual performance by a minor, three counts of distribution of matter portraying a sexual performance by a minor, and one count of sexual crimes against an animal.

Couch filed a motion to suppress evidence collected pursuant to the search warrants but later withdrew the motion. Several months later, Couch re-filed her suppression motion and raised the same arguments but also asserted that the rebuttable-presumption language in KRS 531.330 and KRS 531.340 is unconstitutional. The record does not show that Couch provided the Attorney General with the required notice under KRS 418.075. The trial court denied the suppression motion, entering the following Order:

> This matter is before the Court on the Motion of the Defendant, Bennett D. Couch, to suppress all physical and testimonial evidence seized during the execution of multiple search warrants. The Defendant first challenges an Application and Affidavit in Support of a search warrant for the Defendant's residence. The second Application and Affidavit was for a warrant for two phones which had been seized from the Defendant's residence. The third Application and Affidavit was for three laptops, three thumb drives and two DVDs, which had also been seized from the Defendant's residence.
>
> It is the Defendant's position that the applications and the affidavits in support did not provide probable cause for the issuance of the search warrants. The Defendant alleges that the Applications and the Affidavits in support of the warrants failed to mention any information regarding the reliability of the National Center for Missing and Exploited Children and/or Tumblr. Furthermore, the Defendant argues that the Applications and Affidavits fail to make a complete connection between LS-Magazine and that the picture with the LS watermark is pornographic in nature. In addition, the Defendant claims that the Applications and Affidavits in support of the warrants failed to allege criminal activity, except for in one instance where the affiant stated that he believe[s] "that evidence of violations of KRS 510, including but not

6

limited to, Internet history and chat remnants still exists on the computer belonging to the suspect." The Defendant also contends that the Applications and Affidavits failed to establish a nexus between the crimes alleged and/or suspected to have been violated and the Defendant's residence.

Neither party in this matter requested a hearing be held on this Motion to Suppress. A review of the record herein, including the applications and affidavits for the various warrants discloses that on or about July 29, 2021, Detective Brian Jones of the Kenton County Police Department received a Cyber Tipline Report 94392802 from the National Center for Missing and Exploited Children. That Report originated from Tumblr, Inc. and involved pornographic images and/or videos of children being uploaded to the internet, or in other words, the possession and distribution of matter portraying a sexual performance by a minor. The Report provided that three images of child pornography were uploaded to a specific Tumblr account which was associated with the email address, becouch11@gmail com. An initial search warrant for the specific Tumblr account was authorized by District Judge Grothaus on July 30, 2021. The Defendant does not seem to take issue with this warrant, nor does he [sic] seek to preclude evidence gained through this warrant. The Affidavit in support of that warrant established that Det. Jones had viewed the images associated with the Report and confirmed that they depicted pornographic material. One of the photos contained a watermark which Jones recognized as identifying a photo which was part of LS-Magazine which he recognized as a collection of child pornography produced by LS Studios which created and sold online files of child pornography. The IP address to which these images were uploaded was connected to criminal activity in Kenton County which was located to Fort Mitchell and specifically to a residence address which was that of the Defendant. To confirm the address of the Defendant was correct, Det. Jones also conducted surveillance. That initial warrant authorized a search of that residence and specifically sought images and videos depicting sexual conduct/performance by a minor as defined by KRS 531.300, as well as any type of computer or device which could store digital pictures or videos.

After execution of the initial warrant, two additional warrants to which the Defendant now objects as lacking probable cause, were authorized by District Judge Easterling. One warrant was for two cell phones which had been located in the residence, while the other warrant was for computers and electronic storage devices, namely thumb drives which had also been located in the residence. The affidavits in support of these warrants contained

7

the same facts as those previously contained in the Tumblr search warrant. In addition, these affidavits also reported that the Defendant had admitted ownership of the Tumblr account identified in the Report and the email address associated with the account and admitted to sharing on the account the three pornographic images which had been downloaded. In other words, the Defendant had also confessed to the criminal activity reported by the National Center for Missing and Exploited Children.

The Defendant makes no assertions that the affidavits in support of the warrants contained false statements or omitted material facts. Upon consideration of the statements in the supporting documentation for the affidavits, there can be no doubt that the totality of the circumstances provided a substantial basis for the judges who reviewed this information to conclude that probable cause existed for the issuance of these warrants. Great deference should be given to the warrant-issuing judge, and their decision should not be reversed unless arbitrarily exercised. *Commonwealth v. Pride*, 302 S. W.3d 43, 49 (Ky. 2010); *Moore v. Commonwealth*, 159 S.W.3d 325, 329 (Ky. 2005). There is no evidence to suggest that the reviewing judges acted arbitrarily in the issuance of these warrants. Probable cause does not require certainty that a crime was committed or that evidence will be present in a place to be searched. *Moore, supra*, at329

THEREFORE, the Defendant's Motion to Suppress the evidence obtained through the search warrants issued herein, be and is hereby DENIED.

The court did not rule on the constitutionality of KRS 531.330 or KRS 531.340.

Following denial of the suppression motion, Couch entered a conditional guilty plea, as to which the Commonwealth made no plea offer. Couch's trial counsel stated on the record that Couch planned to enter a conditional guilty plea preserving her right to appeal two claims: the constitutionality of the presumption-of-minority language in KRS 531.330 and KRS 531.340 and the order denying the motion to suppress.

At sentencing, the trial court found Couch guilty of all seven felony charges and sentenced her to 20 years' imprisonment. The court also imposed

lifetime registration as a sex offender.  Couch now appeals as a matter of right.[3]

## II.  Standard of Review

As Couch raises distinct issues as a result of her conditional guilty plea, we apply distinct standards of review.  As to the constitutional validity of a statute, typically those challenges are matters of law, which we review de novo. *Teco/Perry Cnty. Coal v. Feltner*, 582 S.W.3d 42, 45 (Ky. 2019)

As to standards to be applied in reviewing the sufficiency of search warrants, we have stated "the trial court judge faced with a motion to suppress evidence obtained pursuant to a search warrant should apply the *Gates*[4] standard[.]"  *Commonwealth v. Pride*, 302 S.W.3d 43, 49 (Ky. 2010).  This determination is "whether under the 'totality of the circumstances' presented within the four corners of the affidavit, a warrant-issuing judge had a substantial basis for concluding that probable cause existed."  *Id.*

On appellate review, we first determine whether the facts found by the trial judge are supported by substantial evidence.  *Id.*  Our second task is to "determine whether the trial judge correctly determined that the issuing judge did or did not have a 'substantial basis for . . . conclud[ing]' that probable cause existed."  *Id.* (quoting *Gates*, 462 U.S. at 236); *see also Beemer v. Commonwealth*, 665 S.W.2d 912, 915 (Ky. 1984) (applying the "substantial basis" test to the decision of the warrant-issuing judge to determine if probable

---

[3] KY. CONST. § 110(2)(b).

[4] *Illinois v. Gates,* 462 U.S. 213, 238-39 (1983).

9

cause existed). In *Pride,* we cautioned that reviewing courts are to give "great deference" to the warrant-issuing judge. 302 S.W.3d at 49 (citing *Gates,* 462 U.S. at 236). Furthermore, probable cause is determined from the four corners of the affidavit, without regard to any extrinsic evidence. *Id.*

## III.    Analysis

### A. Constitutional Challenge to KRS 531.330 and 531.340.

Couch argues that KRS 531.330 and 531.340 are unconstitutional under Kentucky Constitution sections 28 and 124. As pointed out by the Commonwealth, however, Couch failed to notify the Attorney General of her constitutional challenge as required by KRS 418.075. *See also* CR[5] 24.03 (providing "[w]hen the constitutionality of an act of the General Assembly affecting the public interest is drawn into question in any action, the movant shall serve a copy of the pleading, motion or other paper first raising the challenge upon the Attorney General[]"). This Court has made clear that "strict compliance with the notification provisions of KRS 418.075 is mandatory[.]" *Benet v. Commonwealth,* 253 S.W.3d 528, 532 (Ky. 2008). Our courts refuse to address arguments that a statute is unconstitutional unless these notice provisions are fully satisfied. *Id.*

This rule applies equally in criminal cases as well as civil ones. *Id.* And good reason exists for the rule. Kentucky does not have a unified prosecutorial system, and although there is a relationship between the Attorney General and

---

[5] Kentucky Rules of Civil Procedure.

10

local prosecuting officials, Commonwealth's Attorneys do not answer to the Attorney General. *See generally* KRS 15.220 and 15.725. The Attorney General, who is elected statewide by the Commonwealth's voters and not just by local citizens, "is in a unique position to defend the constitutionality of an act of the General Assembly. The Attorney General must be given this opportunity at the trial level because a declaration regarding the constitutionality of a statute affects all the citizens of the Commonwealth[.]" *Benet*, 253 S.W.3d at 532 n.13; *see Brashars v. Commonwealth*, 25 S.W.3d 58, 65–66 (Ky. 2000) (rejecting argument that notice to the Attorney General regarding constitutionality of a statute was not required because the Commonwealth was already a party to the criminal action); *Jacobs v. Commonwealth*, 947 S.W.2d 416, 419 (Ky. App. 1997) (stating "[w]e recognize that in criminal cases such as this the Commonwealth is represented at the trial level by local prosecuting officials. . . . For that reason, we conclude that the notice requirements of [KRS 418.075] must be met in criminal, as well as civil, actions[]").

As noted, Couch failed to provide the required notice to the Attorney General. Accordingly, we decline to address her constitutional challenge to KRS 531.330 and 531.340.

### B. The Trial Court Did Not Err in Denying Couch's Motion to Suppress.

Couch's argument concerning the sufficiency of the search warrant affidavits involve three claims: (i) the affidavits lacked probable cause due to Det. Jones' failure to specify his training and experience connecting LS-

11

Magazine and LS Studios as child pornography sources, the purported sources of the images; (ii) the affidavits either failed to identify or incorrectly identified the criminal activity at issue; and (iii) the affidavits failed to establish any nexus between the criminal activity and Couch's residence. All three claims are meritless.

As to the first claim, lack of probable cause for failing to identify Det. Jones' experience and knowledge concerning the purported images source, LS-Magazine and LS Studios, Couch fails to account for Det. Jones' sworn statements, as found by the trial court, that the three images were uploaded to Tumblr from an IP address connected to Couch's leased premises, that Det. Jones had viewed the images, and that all three portrayed sexual performance by prepubescent female minors. The ultimate source of the images is immaterial since the statutes in question criminalize possession or viewing of matter portraying a sexual performance by a minor, KRS 531.335, and distribution of matter portraying a sexual performance by a minor. KRS 531.340.

In *Rawls v. Commonwealth*, 434 S.W.3d 48, 58 (Ky. 2014), we stated "[p]robable cause is judged to exist under a 'totality of the circumstances,' *Moore v. Commonwealth*, 159 S.W.3d 325, 329 (Ky. 2005), and can be found where the facts presented in the affidavit demonstrate 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" We have little difficulty in concluding that the trial court correctly determined that

the issuing judge had a substantial basis for concluding that probable cause existed to issue the original search warrant.

Couch next claims that the search warrant affidavits did not correctly identify the criminal statutes that were violated, and at one point incorrectly identified KRS Chapter 510. As a factual matter, Couch's assertion is incorrect since the August 23, 2021, affidavit referred to "[i]mages and/or videos depicting sexual conduct/performance by a minor (as defined by KRS 531.300)." Be that as it may, our case law does not impose an obligation of the attesting officer to precisely identify the section of the Kentucky Revised Statutes violated.

The requirement for a valid search warrant affidavit is as set forth in *Gates*. In *Minks v. Commonwealth*, 427 S.W.3d 802, 809 (Ky. 2014) we stated "[u]nder the *Gates* test, the warrant-issuing judge is not required to attest to the validity of the information provided in the warrant, but rather 'to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, . . . a fair probability [exists] that *contraband or evidence of a crime* will be found in a particular place.'" *Id.* at 808 (emphasis added) (quoting *Gates*, 462 U.S. at 238). The question raised by a search warrant affidavit is whether it states sufficient facts to give rise to probable cause. *See Minks*, 427 S.W.3d at 810 (stating "the duty of the judicial officer [is] to issue or deny the warrant **based solely on the facts contained within the four corners of the affidavit[]**") (quoting *Crayton v. Commonwealth*, 846

13

S.W.2d 684, 689 (Ky. 1992)). No requirement exists that specific statutory provisions be identified.

While the Supreme Court has established a procedure for evaluating material factual misstatements in affidavits, *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978), this procedure has not been extended to misstatements of law. *United States v. Barnes*, 126 F. Supp. 3d 735, 740-41 (E.D. La. 2015). As noted by the court in *Barnes*, the reasons for this are that typically affidavits for search warrants are drafted by a non-lawyer in the midst of a criminal investigation, and the officer's "sole responsibility is to attest to facts within his or her personal knowledge." *Id.* at 741. "The determination of whether those facts support a finding of probable cause is committed exclusively to the magistrate judge, who is 'presumed to know the law and to apply it in making [his or her] decision.'" *Id.* (footnotes omitted) (quoting *Lambrix v. Singletary*, 520 U.S. 518, 532 n.4 (1997)).

Couch's third claim is that the search warrant affidavit failed to establish a nexus between the criminal activity and her apartment. Couch, however, ignores that the IP address identified in the investigation was tied to her apartment. As succinctly held by the Sixth Circuit Court of Appeals,

> We have also addressed the Fourth Amendment's nexus requirement as applied to the digital age. Probable cause to believe a *person* committed a crime does not justify a search of his or her residence absent some independent evidence linking the residence to the crime. *See United States v. Savoca*, 761 F.2d 292, 297 (6th Cir. 1985). However, we have held that a nexus exists when law enforcement connects the IP address used to access a website to the physical location identified by the warrant. [*United States v.*] *Elbe*, 774 F.3d [885,] 890 [(6th Cir. 2014)]; [*United States v.*]

14

*Kinison,* 710 F.3d [678,] 683–84 [(6th Cir. 2013)]. Pointing to our "prior observations" that child pornography is typically possessed in the secrecy of the home, the *Kinison* panel reasoned that a search of the home was a perfectly logical next step for officers who have only circumstantial evidence of where the crime was committed and no "inside scoop" on which they could rely. 710 F.3d at 683–84.

*United States v. Tagg,* 886 F.3d 579, 587 (6th Cir. 2018).

The trial court correctly denied Couch's motion to suppress.

### C. Alleged Prosecutorial Misconduct at Sentencing

Couch next claims that at the sentencing hearing the Commonwealth improperly stated that Couch did not accept responsibility for her actions when the Commonwealth informed the trial court that it took Couch 30 minutes before she confessed to the interviewing officers.

Couch provides no information as to where in the record this statement was made, or how Couch's objection was preserved. RAP[6] 32(A)(4). While the Commonwealth's brief provides some of this information, the obligation to provide this information belongs to the party submitting the brief. Couch also does not request palpable error review. Couch has waived appellate review of this issue.

### D. Alleged Failure of Trial Court to Properly Consider Presentence Investigation Report.

Couch finally claims that the trial court failed to properly consider the Presentence Investigation Report submitted by the Division of Probation and Parole.

---

[6] Kentucky Rules of Appellate Procedure.

Like Couch's argument concerning alleged prosecutorial misconduct, Couch provides no information as to where in the record this statement was made, or how Couch's objection was preserved. RAP 32(A)(4). Couch also does not request palpable error review. Couch has waived appellate review of this issue.

## IV.    Conclusion

For the foregoing reasons, the Kenton Circuit Court's judgment is affirmed.

All sitting. Bisig, Conley, Keller, Lambert, and Nickell, JJ., concur. Thompson, J., concurs in result only.


COUNSEL FOR APPELLANT:

Mark C. Eppley
Eppley Legal Group


COUNSEL FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

Rachel A. Wright
Assistant Solicitor General